UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PAULA FOSTER** ) | **CASE NO.** |
| 5333 Northfield Road, #300 ) | |
| Bedford Heights, OHIO 44146, ) | **JUDGE** |
| ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT** |
| -vs- ) | |
| ) | |
| **COVELLI ENTERPRISES, INC.** ) | |
| 3900 E. Market St. ) | **JURY DEMAND ENDORSED** |
| Warren, Ohio 44484 ) | **HEREON** |
| ) | |
| -and- ) | |
| ) | |
| **MIKE (LAST NAME UNKNOWN)** ) | |
| 36099 Euclid Ave. ) | |
| Willoughby, OH 44094 ) | |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

It is unfathomable in contemporary American society that a young black man could kick a mature white woman in the buttocks, while on the job, on video camera, and not only escape any criminal sanction, but also maintain their employment without any adverse consequence. Nevertheless, this is exactly what has transpired between Plaintiff Paula Foster and the named Defendants in this action; the only difference being that Plaintiff is black, and her assailant is white.

Defendant Covelli Enterprises, Inc. subjected Plaintiff Paula Foster to

1

invidious employment discrimination based on her status as an African-American woman. On July 5, 2018, Plaintiff was kicked in the buttocks by her supervisor, Defendant Mike (last name currently unknown), for not counting her drawer fast enough to his satisfaction. This incident was captured on video.

Defendants have a written policy purporting to investigate, and discipline reported acts of violence and sexual harassment in its workplaces. Nevertheless, Plaintiff Paula Jones was publicly ridiculed, threatened, and castigated when she reported her attack to her next level supervisor, Lauren (last name currently unknown). Furthermore, rather than disciplining Mike, Defendant Covelli allowed him to take a paid vacation with no further sanction or discipline.

Defendants' willful violation of its own written policy, callous disregard for Plaintiff's civil and statutory rights, as well as the persistent ridicule of Plaintiff rendered her working conditions so intolerable that she had no choice but to resign her position. Plaintiff has timely filed her charges with the U.S. Equal Employment Opportunity Commission, and now commences this action to vindicate her civil rights.

## JURISDICTION AND VENUE

1. This action is brought pursuant to claims arising under the laws of the State of Ohio, and O.R.C. § 4112.02. This action is also brought pursuant to 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981, as it is also an action for compensatory damages, punitive damages, and attorney fees.

2. Personal Jurisdiction is appropriate as Defendant Covelli regularly

transacts business in this forum, supplies goods and services in this forum, and has caused tortious injury in this forum.

3. Venue is proper in this as the events giving rise to Plaintiffs' claims also occurred in this judicial district.

## PARTIES

4. Plaintiff, Paula Foster ("Foster"), is an Ohio citizen, with permanent residence in the city of Euclid, Cuyahoga County, Ohio. At all times relevant herein, Foster was an employee of Defendant Covelli's Panera Bread Company franchise located at 36099 Euclid Avenue, Willoughby, OH 44094.

5. Defendant Covelli Enterprises, Inc. ("Covelli") is an Ohio corporation with more than fifteen employees, and a principal place of business located in Warren, Ohio. Covelli owns and operates the Panera Bread Company located in Willoughby, Lake County, Ohio, which is the subject of this controversy.

6. Defendant Mike is a supervisor at the Panera Bread Company located at 36099 Euclid Ave, Willoughby, OH 44109. Upon information and belief he is an adult resident of Ohio.

## FACTS

7. Foster is a 52 year old African-American woman. Foster began working for Panera Bread Company located at 36099 Euclid Avenue, Willoughby, OH 44094, as a customer service representative and baker on October 31, 2017. She was one of only two African-Americans working at that location.

8. Foster experienced discrimination in the form of less favorable treatment and working conditions from the inception of her term of employment, up to the time of her discharge.

9. On July 5, 2018, Foster was finishing her mid-day shift. Mike (last name currently unknown), was acting as Foster's supervisor at this time.

10. As Foster was counting her drawer, Mike approached her from the rear, and kicked her in the buttocks. This incident happened in plain view of the store's surveillance cameras and was witnessed my several other store employees.

11. Foster was extremely frightened and embarrassed, and abruptly stopped counting her drawer. When she asked Mike why he had kicked her, he responded that she was 'moving to slow.'

12. Pursuant to Defendant's employee handbook, Foster immediately reported Mike's actions the next day to April (last name unknown), the company's human resources director responsible for sexual harassment complaints.

13. April promised to investigate the assault. And yet, after viewing the video footage of Foster being kicked, decided to take no disciplinary action against Mike, and allowed him to take his scheduled vacation.

14. Upon learning that April would not be disciplining Mike, despite Defendant's written policy against violence and sexual harassment, Foster then filed a criminal complaint with the Willoughby police department on July 7, 2018.

15. The Willoughby police reviewed the surveillance video, observed Mike kick Foster in her buttocks, and yet declined to charge Mike because they deemed the matter to be civil in nature, as they believed the incident to be an act of "horseplay."

16. Faced with no recourse whatsoever for her violation, Foster bravely returned to work on July 9, 2018. Foster was suffering from acute depression and anxiety over being assaulted in her workplace, and fearful that she would be attacked again, as no one would hold Mike, a young white man, accountable for kicking her.

17. Foster asked her assistant manager, Lauren (last name currently unknown), for help dealing with this controversy immediately upon arriving at work. Lauren responded by ridiculing Foster for still being upset days after the attack. Lauren's rude and callous response moved Foster to tears. Lauren then directed Foster to leave the store if she could not control her emotions.

18. Foster composed herself and began her shift. Lauren again confronted Foster in front of the staff and several customers, and threatened Foster that if she had an emotional outburst she would be thrown out of the store.

19. The next day on July 10, 2018, having now been rebuffed by April and Lauren, Foster attempted to report her assault to Joe (last name currently unknown), who is another manager for Defendant's store. Joe declined to supply Foster with a formal incident report, and instead advised her to write her complaint on notebook paper and submit it to the corporate offices.

20. On July 12, 2018, Foster again contacted April in the Human Resources department, and was informed that Mike would be taking his vacation, and no disciplinary action regarding him was reported to Foster. April advised Foster to keep working at the location despite her attack, and despite any assurance that Mike would be disciplined or that any other action would be taken to safeguard her person.

21. Due to the humiliation, refusal to discipline her perpetrator, as well as the animus directed to her by management, work conditions had become so intolerable to Foster that she had no recourse but to terminate her employment and find a safe place to work where her dignity would be protected.

**FIRST CLAIM FOR RELIEF – 42 U.S.C. § 2000e-2 Claim for Sexual Harassment and Hostile Work Environment**

22. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully rewritten herein.

23. 42 U.S.C. § 2000e-2, also known as Title VII of the Civil Rights Act of 1964 provides that:

> "It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."

24. Plaintiff Foster is an African-American Woman.

25. Plaintiff was subjected to unwelcome sexual harassment when her male supervisor, Defendant Mike, made contact with her buttocks without her consent.

26. Plaintiff was subjected to this harassment because of her sex.

27. The harassment realized by Plaintiff Foster had the effect of unreasonably interfering with her work performance and creating an intimidating, hostile, and offensive work environment that seriously affected the psychological well-being of Plaintiff Foster.

28. At all times relevant herein, Defendants' employees, agents, managers, supervisors, officers, and other staff were all acting within the scope of their employment for Defendant, and Defendant is vicariously liable for the aggrieved conduct.

29. As a direct and proximate cause of Defendants' misconduct, Plaintiffs suffered and continue to suffer injury and damages as set forth in this complaint.

**SECOND CLAIM FOR RELIEF – 42 U.S.C. § 2000e-2 Claim for Employment Discrimination Based on Race**

30. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully rewritten herein.

31. Plaintiff Foster is an African-American.

32. At all times relevant to this complaint, Plaintiff was fully qualified for her position.

33. Despite Plaintiff's qualifications, Plaintiff was subjected to disparate treatment in working conditions as compared to her white and male counterparts. Furthermore, Plaintiff was discharged from her employment either directly or constructively.

34. Following Plaintiff's discharge from employment, her position remained open for applicant's with Plaintiff's qualifications.

35. As a direct and proximate cause of Defendants' misconduct, Plaintiffs' suffered and continued to suffer injury and damages as set forth in this Complaint.

**THIRD CLAIM FOR RELIEF – 42 U.S.C. § 2000e-2 Claim for Age Discrimination**

36. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully rewritten herein.

37. Plaintiff Foster is Fifty-Two years old.

38. At all times relevant to this complaint, Plaintiff was fully qualified for her position.

39. Despite Plaintiff's qualifications, Plaintiff was subjected to disparate treatment in working conditions as compared to her younger counterparts. Furthermore, Plaintiff was discharged from her employment either directly or constructively.

40. Following Plaintiff's discharge from employment, her position remained open for applicants with Plaintiff's qualifications.

41. As a direct and proximate cause of Defendants' misconduct, Plaintiffs' suffered and continued to suffer injury and damages as set forth in this Complaint.

**FOURTH CLAIM FOR RELIEF- 42 U.S.C. § 1981 Claim For Employment Discrimination Based on Race**

42. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully rewritten herein.

43. As a direct and proximate cause of Defendants' misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this Complaint.

**FIFTH CLAIM FOR RELIEF- O.R.C. § 4112.02 Claim for Unlawful Discrimination**

44. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully rewritten herein.

45. Defendants' subjected Plaintiff Foster to a hostile work environment, disparate treatment, and caused her wrongful termination from employment because of her age, status as a woman, and/or her race.

46. As a direct and proximate cause of Defendants' misconduct, Plaintiffs' suffered and continue to suffer injuries and damages as set forth in this Complaint.

**SIXTH CLAIM FOR RELIEF- State Law Claim for Assault and Battery**

47. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully rewritten herein.

48. The actions of Defendant Mike towards Plaintiff created in her the fear and apprehension of an immediate, harmful, and offensive touching and constituted a harmful touching, knowingly and without legal justification.

49. Defendant Mike was acting on behalf of Defendant Covelli, and within the scope of his employment when he assaulted and battered Plaintiff Foster.

50. Furthermore, Defendant Mike's conduct was ratified by Defendant Covelli when, upon learning of his tortious conduct, declined to discipline or otherwise follow its own policies relating to workplace harassment and violence.

51. Defendant Covelli is vicariously liable for Defendant Mike's conduct.

52. As a direct and proximate cause of Defendants' misconduct, Plaintiffs' suffered and continue to suffer injuries and damages as set forth in this Complaint.

**SEVENTH CLAIM FOR RELIEF- State Law Claim for Intentional Infliction of Emotional Distress**

53. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully rewritten herein.

54. Defendants engaged in extreme and outrageous behavior as alleged in this complaint.

55. Defendants intended such conduct to inflict such severe emotional distress upon Plaintiff and knew that their conduct would cause Plaintiff severe and serious emotional distress, which was of a nature that no reasonable person could be expected to endure.

56. Defendants' conduct did, in fact, cause such distress.

57. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff was injured and suffered actual damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Paula Foster, demand that judgment be entered in their favor on all counts and prays the Court award the following relief:

A. Compensatory damages in excess of jurisdictional amount, to be determined at trial, for the violation of Plaintiffs' rights;

B. Punitive damages in an amount to be determined at trial for the willful, wanton, malicious, and reckless conduct of Defendants;

C. Declaratory and injunctive relief as the Court may deem appropriate;

D. Attorney fees and the costs of this action and other costs that may be associated with this action; and

E. All other relief which this Honorable Court deems equitable and just.

## **JURY DEMAND**

Plaintiffs demand a trial by jury pursuant to Ohio Rule of Civil Procedure 38(b) on all issues so triable.

        Respectfully submitted,

        */s/Christopher McNeal, Esq.*
        CHRISTOPHER MCNEAL, ESQ. (#0096363)
        MCNEAL LEGAL SERVICES, LLC.
        5333 Northfield Road, Suite 300
        Bedford Heights, Ohio 44146
        (216) 865-5625 – Telephone
        chris@mcneallegalservices.com - Email

        *Attorney for Plaintiff Paula Foster*

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Paula Foster<br>24590 Lakeshore Blvd Apt 103<br>Euclide, OH 44123 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2018-24526 | Joann J. Wells,<br>Investigator Support Asst | (216) 522-2578 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
Director

AUG 2 2 2018
*(Date Mailed)*

Enclosures(s)

cc: Allen Ryan
Director of Corporate Development
COVELLI ENTERPRISES
3900 E. Market Street
Warren, OH 44484

Christopher McNeal
5333 Northfield Road, Suite 300
Bedford Heights, OH 44146

Enclosure with EEOC
Form 161-B (11/16)

# Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*If you file suit, please send a copy of your court complaint to this office.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2018-24526 |

Ohio Civil Rights Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Paula Foster | (216) 862-3703 | 1966 |

Street Address: 24590 Lakeshore Blvd Apt 103, Euclid, OH 44123

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PANERA BREAD | 500 or More | |

Street Address: 5555 Glendon Court, Dublin, OH 43016

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

**RECEIVED JUL 31 2018 EEOC-CLFO**

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest 07-09-2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)).

I started working for Panera Bread (Covelli Enterprises) on October 31, 2017; as a Customer Service/Baker. I am one of two other African Americans at this facility.

Since the beginning of my employment and continuing, I was treated less favorably than white employees by Manager(s) Mike LNU and Lauren LNU. On July 5, 2018, I was involved in a verbal as well as physical altercation with Manager, Mike LNU. On July 6, 2018, I complained to Director, April LNU, to no avail. On July 9, 2018, I was harassed and bullied by my co-workers as well as management. On July 9, 2018, I felt compelled to resign.

I believe that I have been discriminated against due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>X 7-31-18  X *Paula Foster*<br>Date  Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.